Memorandum of Law    Page 1 of 4

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 AND 9
Jeffrey M. Sponder, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email: jeffrey.m.sponder@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| BGI Collingswood, Inc., | : Case No. 25-16723 (JNP) |
| | : |
| Debtor. | : Hearing Date: January 6, 2026 at 11:00 a.m. |
| | : |
| | : The Honorable Judge Jerrold N. Poslusny |
| | : |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY THE UNITED STATES TRUSTEE UNDER 11 U.S.C. § 1112(b) FOR AN ORDER DISMISSING CASE, OR, IN THE ALTERNATIVE, CONVERTING CASE TO CHAPTER 7**

Andrew R. Vara, the United States Trustee for Regions 3 and 9 (the "U.S. Trustee"), by and through counsel, in furtherance of his duties and responsibilities, hereby files this Memorandum of Law in Support of an Order Dismissing the Case, or, in the Alternative, Converting Case to Chapter 7 ("Motion") on the grounds that the Debtor failed to file monthly operating reports ("MORs") for the months of June 2025, July 2025, August 2025, September 2025, and October 2025.

## FACTS

The facts recited below are supported by the Certification of Daniel Kropiewnicki, Bankruptcy Analyst, in Support of the Motion of the U.S. Trustee for an Order Dismissing Case or, in the alternative, Converting Case to Chapter 7 filed herewith.

1

1. On June 25, 2025, BGI Collingswood, Inc. (the "Debtor"), filed a voluntary petition for relief chapter 11 of Title 11, United States Code. *See* Certification of Daniel Kropiewnicki (the "Certification"), at ¶ 2.

2. An Unsecured Creditors' Committee has not been appointed by the United States Trustee. *See id.* at ¶ 3.

3. To date, the Debtor remains in possession of its property and management of its affairs. *See id.* at ¶ 4.

4. The Debtor has failed to file monthly operating reports since the inception of this case including the months of June 2025, July 2025, August 2025, September 2025 and October 2025. *See id.* at ¶ 5.

5. The Debtor has failed to pay statutory fees pursuant to 28 U.S.C. 1930(a)(6) through the third quarter of 2025, which is estimated to be $500.00 plus interest. *See id.* at ¶ 6.

**DISCUSSION**

**A.     Cause Exists To Convert or Dismiss this Case.**

6. 11 U.S.C. § 1112(b)(1) provides, in pertinent part:

> [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).

7. "Cause" is defined in 11 U.S.C. § 1112(b)(4) as including:

> (F)     unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; and

2

>   (K)   failure to pay any fees or charges required under chapter 123 of title 28.

11 U.S.C. § 1112(b)(4)(F) and (K).

8. It is well settled that the list of factors constituting "cause" are not exhaustive. The legislative history for the statute provides in part, "[t]he court will be able to consider other factors, and to use its equitable powers to reach an appropriate result in individual cases." H. Rep. 595, 95th Cong., 1st Sess. 406 (1977); *see also In re Pittsfield Weaving Company*, 393 B.R. 271, 274 (Bankr. D.N.H. 2008) (Section 1112(b)(4) provides a non-exhaustive list of "causes" for conversion or dismissal).

**B.   The Debtor Failed to File Monthly Operating Reports.**

9. Pursuant to 11 U.S.C. §§ 704(7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1), 1107(a) and Fed. R. Bankr. P. 2015, a debtor is required to supply certain reports concerning the estate's administration and the operation of the Debtor's postpetition business as prescribed by the U.S. Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases which were distributed to the Debtor at the inception of this case.

10. Here, the Debtor has not filed monthly operating reports since the inception of this case including the months of June 2025, July 2025, August 2025, September 2025 and October 2025. *See* Certification at ¶ 5.

11. The Debtor's failure to file the monthly operating reports is grounds to dismiss or convert the case. Therefore, cause exists to dismiss this case or convert this case to chapter 7, whichever is in the best interest of the Debtor and creditors pursuant to 11 U.S.C. § 1112(b)(4)(F).

**C.   Failure to Pay Statutory Fees.**

12. Pursuant to 11 U.S.C. § 1112(b)(4)(K), a debtor is required to pay all fees including fees pursuant to 28 U.S.C. § 1930(a)(6). *See* 11 U.S.C. § 1112(b)(4)(K).

13. Here, the Debtor is delinquent with the payment of statutory fees through the third quarter of 2025 in the estimated amount of $500.00 plus interest. *See* Certification at ¶ 6.

14. The failure to pay statutory fees is cause for conversion or dismissal pursuant to 11 U.S.C. § 1112(b)(4)(K).

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the U.S. Trustee respectfully requests that this Court enter an order either converting the case to chapter 7 or dismissing the case, whichever the Court finds to be in the best interests of creditors and the bankruptcy estate, and that this Court grant such other and further relief as is deemed just and equitable.

                                        Respectfully submitted,

                                        ANDREW R. VARA
                                        UNITED STATES TRUSTEE
                                        REGIONS 3 and 9

                                        By: */s/ Jeffrey M. Sponder*
                                              Jeffrey M. Sponder
DATED: December 1, 2025                  Trial Attorney